MR. JUSTICE SHEA,
concurring in part and dissenting in part:
I would affirm the judgment but I would vacate the sentence and remand for resentencing. Defendant was charged with deliberate arson, a felony, but the jury convicted him only of a lesser-included offense, negligent arson, a misdemeanor. Each of the charges requires a deliberate act of set *453 ting the fire. But felony arson requires that the defendant intended by setting the fire to cause the resulting harm. Misdemeanor arson, on the other hand, requires only that by an intentional setting of the fire the defendant negligently placed “property of another in danger of damage or destruction.” The jury, by finding defendant guilty of negligent arson, found that he negligently placed the property of another in danger of damage or destruction, and therefore that he did not intentionally cause the resulting harm.
The sentence of the District Court is unclear as to whether he was sentencing defendant only for deliberately setting the fire or for deliberately causing the damage resulting from the fire he deliberately set. This lack of clarity results in the possibility that defendant may in essence have been punished the maximum for the misdemeanor because the sentencing court believed the defendant had actually committed the felony rather than the misdemeanor. If this is so, this is an impermissible basis for imposing the maximum sentence — even though it is within the maximum permitted by statute for the misdemeanor conviction. This is yet another reason why I cannot abide by the bland statement of the majority that a sentence is not an abuse of discretion if it is within the limits provided by the statute. Such a statement gives absolute discretion to the trial court — and that is simply a euphemism for unrestrained discretion.